IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-01997-PAB-SP

MIRA HOLDINGS, INC., a Minnesota corporation,

      Plaintiff,

v.

ZOOMERMEDIA, LTD., a foreign corporation,

      Defendant.

_____

**ORDER**
_____

      This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 33]. Plaintiff Mira Holdings, Inc. ("Mira") did not file a response to defendant ZoomerMedia, Ltd.'s ("ZoomerMedia") motion.[1] The Court has jurisdiction under 28 U.S.C. § 1331.

---

[1] Mira admitted in another filing with the Court that, "[t]here was no need to file a Response to Defendant's Second Motion to Dismiss as Plaintiff believed that the Motion was legally deficient and that the Plaintiff's First Amended Complaint properly stated good causes of action." Docket No. 39 at 2. Despite plaintiff's failure to respond to the motion to dismiss, the Court still evaluates the motion on its merits. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

## I.     BACKGROUND[2]

For nearly ten years, Mira has been in the business of registering domain names for purposes of leasing and selling, as well as using the domain names for email services.  Docket No. 28 at 4-5, ¶¶ 8, 10-11.  Mira has accumulated over 1,000 generic domain names for these purposes.  *Id*. at 4, ¶ 10.  On December 14, 2019, Mira purchased the domain name "IDEACITY.COM" for $2,556 and registered the domain with the registrar NameBright.com, LLC ("NameBright").  *Id*. at 2, 4, ¶¶ 3, 9.  Mira did not provide false contact information when applying for registration of the domain name.  *Id*. at 8, ¶ 25.  Mira has "parked" IDEACITY.COM with monetizer entities since acquisition.  *Id*. at 4, ¶ 9.  Mira has offered the domain name for sale, but has never offered to sell IDEACITY.COM to ZoomerMedia.  *Id*. at 8, ¶ 22.

ZoomerMedia is a Canadian company.  *Id*. at 2, ¶ 5.  ZoomerMedia owns a Class 41 United States trademark for "IdeaCity," which is limited to "educational services, namely, conducting seminars and conferences in the fields of technology, entertainment and design namely, art, architecture and product design."  *Id*. at 5, ¶ 12.  Mira has not utilized the domain name IDEACITY.COM in the area of educational services.  *Id*.

On June 8, 2022, ZoomerMedia filed a complaint against Mira with the Canadian International Internet Dispute Resolution Centre ("CIIDRC"), in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP").  *Id*. at 6, ¶ 13.  The complaint, related to the IDEACITY.COM domain name, initiated an arbitration proceeding.  *Id*.  On June 10, 2022, in accordance with UDRP procedures, NameBright

---

[2] The following facts are taken from plaintiff's amended complaint, Docket No. 28, and are presumed to be true for the purpose of ruling on defendant's motion to dismiss. *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

locked the IDEACITY.COM domain name, prohibiting Mira from utilizing the domain name.  *Id*.  ZoomerMedia informed the CIIDRC panel that Mira's use of the domain name "create[ed] the possibility of confusion with [ZoomerMedia's] mark."  *Id*. at 11, ¶ 35.  On July 29, 2022, the CIIDRC panel ruled in favor of ZoomerMedia and ordered the transfer of the domain name to ZoomerMedia.  *Id*. at 6, ¶ 14; *see also* Docket No. 28-1 (CIIDRC decision attached to the amended complaint).  The domain name is still locked, pending transfer of the registration to ZoomerMedia.  Docket No. 28 at 6, ¶ 14.

Mira "did not have any intent to divert customers" from ZoomerMedia's online sites to IDEACITY.COM.  *Id*. at 8, ¶ 24.  Mira would like to use the IDEACITY.COM domain name in the future for a domain name marketplace.  *Id*. at 5, ¶ 12.  Mira states that it would file for a trademark in a different class than ZoomerMedia's trademark.  *Id*.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to

accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III.    ANALYSIS

The amended complaint asserts claims for declaratory relief under 28 U.S.C. § 2201 and injunctive relief under 15 U.S.C. § 1114(2)(D)(v).  Docket No. 28 at 9-13. ZoomerMedia moves to dismiss the amended complaint in its entirety, arguing that Mira has failed to plead facts supporting these two claims and that Mira additionally cites various statutes that are "entirely inapplicable" to this case.  Docket No. 33 at 2, 4-5.

### A. <u>Second Claim – Injunctive Relief under 15 U.S.C. § 1114(2)(D)(v)</u>

Mira's second cause of action asserts a claim for injunctive relief under 15 U.S.C. § 1114(2)(D)(v).  Docket No. 28 at 12-13.  The Anti-Cybersquatting Consumer Protection Act ("ACPA") provides some protection to domain name registrants against "overreaching trademark owners."  *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 625 (4th Cir. 2003); *see also IFIXITUSA LLC v. iFixit Corp*., 2022 WL 2117845, at *2 (D. Ariz. June 13, 2022); 15 U.S.C. §§ 1114(2)(D)(iv)-(v).  Under § 1114(2)(D)(v),

> [a] domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter.  The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.

15 U.S.C. § 1114(2)(D)(v); *see also Barcelona*, 330 F.3d at 625 (discussing how under the reverse domain name hijacking provision, § 1114(2)(D)(v), "a domain name registrant who is aggrieved by an overreaching trademark owner may commence an action to declare that the domain name registration or use by the registrant is not unlawful").  Section 1114(2)(D)(v) "provides registrants. . . with an affirmative cause of action to recover domain names lost in UDRP proceedings."  *ISystems v. Spark Networks, Ltd*., 2012 WL 3101672, at *3 (5th Cir. Mar. 21, 2012) (unpublished) (alterations omitted).

To state a claim under § 1114(2)(D)(v), a plaintiff must demonstrate that (1) plaintiff "registered a domain name;" (2) "the domain name was suspended, disabled, or transferred under a policy implemented by a domain name registrar;" (3) the defendant

had notice of the action; and (4) plaintiff's "registration or use of the domain name [is] not unlawful under this chapter."  *Dent v. Lotto Sport Italia S.p.A*., 2018 WL 11318189, at *3 (D. Ariz. Feb. 12, 2018) (citation omitted); *see also Barcelona*, 330 F.3d at 626. ZoomerMedia argues that the Court must dismiss Mira's second claim because Mira has failed to adequately plead the fourth element.  Docket No. 33 at 11.

To establish the fourth element, that the use or registration of the domain name is not "unlawful," a plaintiff must prove either that "(1) it did not register, traffic, or use a domain name that is identical or confusingly similar to a distinctive mark, or (2) it did not have a bad faith intent to profit from that mark."  *Domain Vault LLC v. Bush*, No. 14-cv-02621-WJM-CBS, 2015 WL 1598099, at *10 (D. Colo. Apr. 8, 2015); *see also iFixit Corp*., 2022 WL 2117845, at *3; *Dent*, 2018 WL 11318189, at *3; *Mira Holdings, Inc. v. Regents of Univ. of California*, 2018 WL 8244597, at *3 (M.D. Fla. Dec. 10, 2018).  The ACPA provides a list of nine non-exhaustive factors to consider in determining bad faith, including,

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name; (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person; (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services; (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name; (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site; (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct; (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of

6

such conduct; (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and (IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous.

15 U.S.C § 1125(d)(1)(B)(i)(I)-(IX).

ZoomerMedia argues that the amended complaint states in a conclusory manner that Mira did not register the domain name with the bad faith intent to profit.  Docket No. 33 at 12.  ZoomerMedia asserts that Mira fails to allege that it owns trademark rights in "IDEACITY," that Mira is commonly known as "IDEACITY," or that it had any actual prior use of the domain name in connection with the bona fide offering of goods or services. *Id*. at 13.  Additionally, ZoomerMedia argues that the complaint admits that Mira has attempted to sell the domain name.  *Id*.

The Court finds that the allegations in Mira's amended complaint are sufficient to allege that it did not have the bad faith intent to profit from defendant's trademark.  Mira alleges that it has never offered to sell IDEACITY.COM to ZoomerMedia.  Docket No. 28 at 8, ¶ 22; *see also Utah Lighthouse Ministry v. Found. for Apologetic Info. & Rsch*., 527 F.3d 1045, 1058 (10th Cir. 2008) ("The quintessential example of a bad faith intent to profit is when a defendant purchases a domain name very similar to the trademark and then offers to sell the name to the trademark owner at an extortionate price.").  Mira states that ZoomerMedia has a limited trademark for "IdeaCity" in the educational services trademark category.  Docket No. 28 at 5, ¶ 12.  Mira alleges that it parked the domain name IDEACITY.COM with monetizer companies and has not used the domain name in the area of educational services.  *Id*. at 4-5, ¶¶ 9, 12.  Mira states that it has

7

"utilized the domain name in a bona fide manner for bona fide purposes" at all times and that it "did not have any intent to divert customers" from ZoomerMedia's online sites.  *Id.* at 8, ¶¶ 23-24; *see also Utah Lighthouse Ministry,* 527 F.3d at 1058 (noting that a party could intend to profit by "diverting customers from the website of the trademark owner" to the party's own website); *Mira Holdings*, 2018 WL 8244597, at *3 (holding that plaintiff plausibly alleged a lack of bad faith by stating that it parked the domain name with monetizers and had no intent to divert customers from defendant).  Additionally, Mira states that it did not provide false contact information when applying for registration of the domain name.  *Id*. at 8, ¶ 25; *see also* 15 U.S.C. § 1125(d)(1)(B)(i)(VII).  At this stage, the Court finds that these allegations in the amended complaint sufficiently allege a lack of bad faith intent to profit, thereby establishing that that the use or registration of the domain name IDEACITY.COM is not unlawful.  Mira has therefore plausibly alleged a claim under § 1114(2)(D)(v).  Accordingly, this portion of defendant's motion is denied.

### B.  First Claim – Declaratory Relief under 28 U.S.C. § 2201

ZoomerMedia argues that Mira's first claim for relief is unclear and must be dismissed because (1) Mira is not entitled to relief under 15 U.S.C. § 2201; (2) Mira has not pled sufficient facts for declaratory relief under the entire Lanham Act and declaratory relief as to the ACPA is duplicative of Mira's second claim; and (3) Mira is not entitled to statutory damages under 15 U.S.C. § 1117(d).  Docket No. 33 at 4-10.  The Court agrees that Mira's first claim for relief is not clear from the face of the complaint.  The Court notes that Mira could have addressed this confusion by filing a response to the motion to dismiss, but seemingly chose not to.  However, the Court will

evaluate each of defendant's arguments to determine if the first claim states a plausible claim for relief.

### 1) *Relief under 15 U.S.C. § 2201*

ZoomerMedia asserts that Mira is not entitled to relief under 15 U.S.C. § 2201, which is the statutory provision referenced in the caption of Mira's first claim. *Id*. at 5. The caption of the first claim states "Declaratory Relief - 28 U.S.C. § 2201[.]  No violation of Anticybersquatting Consumer Protection Act 15 U.S.C. § 2201."  Docket No. 28 at 9.  The Court presumes that Mira's reference to "15 U.S.C. § 2201" is a typographical error because that section of the U.S. Code addresses congressional findings on fire hazards, including death rates and property damage.  *See* 15 U.S.C. § 2201.  However, to the extent that Mira asserts a claim under 15 U.S.C. § 2201, the Court agrees with defendants that Mira has not pled any facts suggesting that it is entitled to relief under that provision.  Therefore, the Court grants the portion of defendant's motion requesting dismissal of any claims for relief under 15 U.S.C. § 2201.

### 2) *Declaratory Relief under 28 U.S.C. § 2201 that the Domain Name does not Violate the ACPA or the Lanham Act*

Despite the typographical error in the first claim for relief, defendant states that Mira's first claim likely requests declaratory relief under 28 U.S.C. § 2201 that the domain name does not violate the ACPA, 15 U.S.C. § 1125(d), or the Lanham Act. Docket No. 33 at 5, 8.  The Court agrees.  The first paragraph in the amended complaint states, "[t]his is an action for Declaratory Judgment under 28 U.S.C. § 2201 that Plaintiff's registration and use of the internet domain IDEACITY.COM does not violate Defendant's rights under the ACPA, 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051 *et seq*."  Docket No. 28 at 1, ¶ 1.  Mira's amended

complaint further states that Mira "seeks a determination by this Court that the Plaintiff's registration and/or use of IDEACITY.COM is **not**, and has not been in violation of the ACPA and that Plaintiff's use of the Disputed Domain constitutes neither an infringement, a threat of dilution of Defendant's trademark, nor a violation of the ACPA." *Id.* at 3, ¶ 6. Accordingly, the Court construes the first claim as a request for declaratory judgment that the domain name does not violate the ACPA or constitute an infringement or threat of dilution of ZoomerMedia's trademark under the Lanham Act.

Principally, ZoomerMedia argues that Mira is not entitled to a declaratory judgment pursuant to the entirety of the Lanham Act because Mira has failed to plead any facts to support the existence of a "case or controversy" regarding trademark infringement or dilution. Docket No. 33 at 5-6. The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The party seeking a declaratory judgment must show that there is an "actual controversy" at issue. *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) (noting that the "actual controversy" requirement is tied to the case-or-controversy requirement of Article III of the United States Constitution). In determining if an "actual controversy" exists, the Supreme Court requires

> that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotations, alterations, and citation omitted).  Stated otherwise, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Id*. (citation omitted).  The burden of establishing the existence of an actual controversy rests with the party seeking a declaratory judgment.  *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).

The Court finds that the amended complaint establishes an actual controversy related to trademark infringement or dilution.  Although the amended complaint does not contain any allegations that ZoomerMedia has filed or threatened to file a trademark infringement claim against Mira, *see generally* Docket No. 28, the Supreme Court in *MedImmune* expressly rejected the notion that a plaintiff must have a "reasonable apprehension" of an imminent lawsuit to establish an actual controversy.  *Sure Foot Corp.*, 531 F.3d at 1238 (citing *MedImmune*, 549 U.S. at 127).  The complaint alleges that ZoomerMedia filed an arbitration complaint against Mira in Canada related to Mira's domain name IDEACITY.COM.  Docket No. 28 at 6, ¶ 13.  The complaint alleges that ZoomerMedia informed the Canadian panel that Mira's use of the domain name "create[ed] the possibility of confusion with [ZoomerMedia's] mark."  *Id*. at 11, ¶ 35.  Furthermore, the complaint alleges that Mira would like to use the domain name in the future for a domain name marketplace, but would file for a trademark in a different class from ZoomerMedia's trademark.  *Id*. at 5, ¶ 12.  The Court finds that these alleged facts show that "there is a substantial controversy, between parties having adverse legal

interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See MedImmune*, 549 U.S at 127.  The Court therefore denies this portion of ZoomerMedia's motion.

Second, ZoomerMedia argues that Mira's declaratory judgment claim as to the ACPA, 15 U.S.C. § 1125(d), should be dismissed because the relief is duplicative of Mira's second claim.  Docket No. 33 at 8.  Courts in this circuit have dismissed declaratory judgment claims "where a plaintiff seeks declaratory relief that would resolve the same issues raised by other claims brought in the same action."  *TBL Collectibles, Inc. v. Owners Ins. Co*., 285 F. Supp. 3d 1170, 1195-96 (D. Colo. 2018) (collecting cases).  A declaratory judgment claim "serves no useful purpose" where it raises issues that will necessarily be resolved in the context of other claims asserted in the same action.  *Id*. at 1196.

The Court finds that Mira's declaratory judgment claim as to the ACPA serves no useful purpose because the issues will be resolved by Mira's second claim for reverse domain name hijacking under 15 U.S.C. § 1114(2)(D)(v).  Mira's declaratory judgment claim seeks "a determination by the Court that the Plaintiff's registration and/or use of IDEACITY.COM is not, and has not been in violation of the ACPA" and a declaration that "Plaintiff is entitled to maintain registration of its Domain Name, IDEACITY.COM." Docket No. 28 at 3, 11, ¶¶ 6, 37.  Mira's claim for reverse domain name hijacking under 15 U.S.C. § 1114(2)(D)(v) requests a determination by the Court that "the registration or use of the domain name . . . is not unlawful under this Act."  *Id*. at 12, ¶ 42.  Pursuant to § 1114(2)(D)(v), Mira also requests that the Court grant an injunction for the "reactivation of the domain name or transfer of the domain name back to" Mira.  *Id*. at

12, 14, ¶ 42.  These claims seek identical relief.  The Court discerns no reason – and Mira offers none – for issuing a declaratory judgment as to the ACPA when the issues will necessarily be resolved in the context of Mira's second claim under 15 U.S.C. § 1114(2)(D)(v).  Accordingly, the Court grants this portion of defendant's motion. Mira's first claim is dismissed without prejudice to the extent that it seeks declaratory relief under 28 U.S.C. § 2201 as to the ACPA.

### 3)  Statutory Damages under 15 U.S.C. § 1117(d)

Mira's first claim alleges that it is entitled to statutory damages under 15 U.S.C. § 1117(d).  Docket No. 28 at 11, ¶ 39.  ZoomerMedia argues that Mira's claim for statutory damages under 15 U.S.C. § 1117(d) must be dismissed because Mira does not assert an affirmative claim for cybersquatting under 15 U.S.C. § 1125(d)(1).  Docket No. 33 at 10.  Section 1117(d) provides,

> [i]n a case involving a violation of section 1125(d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just.

15 U.S.C. § 1117(d).  The complaint does not allege that ZoomerMedia violated 15 U.S.C. § 1125(d)(1).  *See generally* Docket No. 28.  Moreover, a plaintiff cannot assert statutory damages for a claim under 15 U.S.C. § 1114(2)(D)(v).  *Black v. Irving Materials, Inc.*, 2019 WL 13199570, at *5 (N.D. Cal. May 29, 2019); *Wang v. Societe du Figaro S.A.*, 2018 WL 566407, at *18 (S.D.N.Y. Jan. 26, 2018), *report and recommendation adopted in part, rejected in part*, 2018 WL 3122055 (S.D.N.Y. June 26, 2018) (discussing how statutory damages under 15 U.S.C. § 1117 are "available for claims of cybersquatting under 15 U.S.C. § 1125(d)(1), [but] not claims of reverse

domain-name hijacking under 15 U.S.C. § 1114(2)(D)(v)").  Accordingly, Mira is not entitled to claim statutory damages.  The Court grants this portion of defendant's motion and will dismiss Mira's claim for statutory damages under 15 U.S.C. § 1117(d).

## IV.    CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 33] is **GRANTED IN PART** and **DENIED IN PART**.  It is further

**ORDERED** that any claim for relief under 15 U.S.C. § 2201 is **dismissed with prejudice**.  It is further

**ORDERED** that the portion of Mira's first claim seeking declaratory relief under 28 U.S.C. § 2201 as to the ACPA is **dismissed without prejudice**.  It is further

**ORDERED** that the portion of Mira's first claim seeking statutory damages under 15 U.S.C. § 1117(d) is **dismissed with prejudice**.

DATED June 7, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge